[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11396
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 1, 2011
JOHN LEY
CLERK

Agency No. 05010-707

RENE MARCEL STUCKI,

                                                                      Petitioner,

versus

U.S. PAROLE COMMISSION,

                                                                      Respondent.

_____

Petition for Review of a Decision of the
Department of Justice

_____

(February 1, 2011)

Before EDMONDSON, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

   Rene Stucki seeks review of the U.S. Parole Commission's release date

determination pursuant to 18 U.S.C. § 4106A. Stucki was convicted in Panama for international drug trafficking, sentenced to 72 months in prison, and served approximately 21 months of his sentence in Panama. Pursuant to the transfer of offenders under the treaty agreement with foreign countries and 18 U.S.C. §§ 4105 and 4106(a), Stucki was transferred to the United States for service of his sentence. The U.S. Parole Commission ordered that Stucki's imprisonment continue to the expiration of his sentence after service of 72 months. On appeal, Stucki argues that the Parole Commission erred in focusing on the guidelines range to the exclusion of other evidence, such as the harsh prison conditions in Panama and Stucki's good behavior in prison. After careful review, we affirm.

We decide an appeal of a transfer treaty determination "as though the determination appealed had been a sentence imposed by a United States district court." 18 U.S.C. § 4106A(b)(2)(B). We therefore evaluate the release date imposed below for reasonableness, with an eye towards assessing whether it achieves the sentencing objectives set forth in 18 U.S.C. § 3553(a).[1] Odili v. United States Parole

---

[1] The sentencing factors under 18 U.S.C. § 3553(a) include: (1) the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care; (2) the nature and circumstances of the offense, and the history and characteristics of the defendant; (3) the kinds of sentences available; (4) the applicable guideline range; (5) the pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1)-(7).

Comm'n, 474 F.3d 1255, 1265 (11th Cir. 2007).

When an offender incarcerated in another country is transferred to the United States to serve a sentence of imprisonment, the foreign sentence is translated into one comparable to that for a domestic offender convicted of a similar offense. Bishop v. Reno, 210 F.3d 1295, 1302 n.11 (11th Cir. 2000). The U.S. Parole Commission "determine[s] a release date and a period and conditions of supervised release …, as though the offender were convicted in a United States district court of a similar offense." 18 U.S.C. § 4106A(b)(1)(A). The Parole Commission does not re-sentence the transferee, it simply converts the foreign sentence into a determination of release date and a period and conditions of supervised release. Odili, 474 F.3d at 1259.

For purposes of setting the transferee's release date under § 4106A, the Parole Commission is obliged to afford the guidelines only advisory weight. Odili, 474 F.3d at 1263-1264. "[B]ecause § 4106A directs the Parole Commission to effect transfer treaty determinations as though the offender were convicted in a United States district court of a similar offense, and because the § 4106A procedure is akin to a sentencing proceeding, the Parole Commission [is] required to consider the sentencing factors outlined in 18 U.S.C. § 3553(a)." Id. at 1264.

"[A] district court may determine, on a case-by-case basis, the weight to give the Guidelines, so long as that determination is made with reference to the remaining

3

section 3553(a) factors that the court must also consider in calculating the defendant's sentence." United States v. Hunt, 459 F.3d 1180, 1185 (11th Cir. 2006). A variance is within the court's discretion, so long as the court has made no clear error of judgment. See United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (reviewing government appeal of downward variance).

On this record, we reject Stucki's argument that "[t]he Parole Commission officer . . . refused to recommend . . . a departure," which "resulted in an unreasonable sentence." To the extent that Stucki challenges a refusal to depart under the Guidelines, his argument fails because we cannot review the Parole Commission's refusal to grant a request for downward departure, unless the Commission believed it did not have authority to depart. United States v. Gomez-Villa, 59 F.3d 1199, 1202 (11th Cir. 1995) ("Ordinarily, an appellate court may not review a district court's refusal to grant a request for downward departure."). Here, the record here shows that the Commission clearly considered the factors presented for a departure, and thus believed it had authority to depart.

Moreover, to the extent that Stucki argues that the Parole Commission erred in calculating his range correctly because it focused on the applicable guideline range to the exclusion of other 18 U.S.C. § 3553(a) factors, this argument fails as well. The Hearing Examiner explicitly stated that the Guidelines were advisory and the §

3553(a) factors were considered, the Transfer Treaty Hearing Summary discussed a number of those factors, and the Commission imposed a release date substantially below the low end of the guidelines range.  Therefore, Stucki has failed to show that the sentence was unreasonable in light of the record and the § 3553(a) factors.

**AFFIRMED.**